NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL GLENN WHITMORE, AKA
Michael G. Whitmore,

Defendant - Appellant.

No. 24-3232

D.C. No.
3:21-cr-00038-SLG-MMS-1

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted September 17, 2025[**]

Before:    SILVERMAN, OWENS, and BRESS, Circuit Judges.

Michael Glenn Whitmore appeals from the district court's judgment and

challenges the 210-month prison term, lifetime term of supervised release, and a

special condition of supervised release imposed following his guilty-plea

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction for distribution and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2), (a)(5)(B), (b)(1), and (b)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Whitmore first contends that the district court violated its procedural obligation to consider all of the 18 U.S.C. § 3553(a) sentencing factors when it failed to account for his mitigating arguments, including his lack of criminal history and his childhood trauma. We review this claim for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The district court considered Whitmore's mitigating arguments and specifically acknowledged some of them. The court then adequately explained why, despite Whitmore's arguments, a 210-month sentence was warranted. On this record, the court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Whitmore next contends that his custodial sentence and lifetime term of supervised release are substantively unreasonable. The court did not abuse its discretion, however. *See Gall v. United States*, 552 U.S. 38, 51 (2007). As the district court explained, any sentencing disparity with similar offenders is justified by the number and nature of images involved in Whitmore's offense and his conduct related to a minor victim in his life. The carceral sentence, which is at the low end of the Guidelines range, and the lifetime term of supervised release are

substantively reasonable under the totality of the circumstances and the § 3553(a) factors, including the nature of Whitmore's offense conduct and the need to protect the public. *See Gall*, 552 U.S. at 51; *United States v. Cope*, 527 F.3d 944, 952 (9th Cir. 2008).

Finally, Whitmore challenges a supervised release condition prohibiting his computer use without prior approval of probation. Contrary to Whitmore's argument, the district court did not plainly err in imposing this condition, which is supported by the record and involves "no greater deprivation of liberty than is reasonably necessary" to achieve the goals of supervised release. *See* 18 U.S.C. § 3583(d); *United States v. Rearden*, 349 F.3d 608, 618, 620-21 (9th Cir. 2003).

**AFFIRMED.**